HALL, Judge.
This is a suit for workmen’s compensation benefits by a 37 year old log cutter. The trial judge found that plaintiff was totally and permanently disabled, awarded benefits accordingly, but denied penalties and attorney’s fees. Defendants appealed. Plaintiff answered the appeal, claiming that he is entitled to penalties and attorney’s fees. We affirm the trial court judgment.
Plaintiff was injured at work in February, 1974, when a tree limb fell and hit him on the back of the neck. The falling limb fractured plaintiff’s sixth cervical vertebra. While being treated by Dr. Frank Cline, an orthopedic surgeon, and Dr. George Beach, a neurosurgeon, plaintiff continued to work until November, 1974, but with numerous complaints of pain during this period. Dr. Beach diagnosed a nerve root compression syndrome, and arranged for further tests. As a result of these tests, plaintiff underwent a cervical laminectomy on November 26, 1974. Compensation benefits were paid from that time until November, 1975.
Plaintiff continued to suffer pain in his left arm and leg whenever he rotated or extended his neck. In November, 1975, he was discharged by his treating physicians, who agreed that since they could find no objective basis for plaintiff’s complaints of pain, plaintiff could return to work. The defendant insurance company ceased paying plaintiff compensation benefits at that time.
Following plaintiff’s discharge by Dr. Cline and Dr. Beach, plaintiff consulted Dr. Ward Barr, a neurosurgeon in Shreveport. Dr. Barr diagnosed plaintiff’s problem as abnormal mobility in his neck, caused either by the original injury or by the laminecto-my. He prescribed a cervical brace for plaintiff to wear. Plaintiff has worn the neck brace continuously since that time, and Dr. Barr testified by deposition that the brace has improved plaintiff’s condition. However, he did not feel that plaintiff could return to strenuous physical labor. Plaintiff’s testimony is that he is incapable of performing the duties of a log cutter due to the pain involved in moving his neck or raising his arms.
*992 Defendants contest the trial court finding of permanent and total disability, relying on the reports of the treating physicians that plaintiff’s complaints were far out of proportion to any objective physical findings. These two doctors did not testify at trial or by deposition. Neither doctor examined the plaintiff after discharge from treatment in November, 1975. Dr. Barr, a qualified neurosurgeon, testified by deposition that plaintiff is disabled. Whether pain is substantial enough to be disabling is an issue to be decided by the trier of fact on the basis of a preponderance of the medical and lay evidence. Lucas v. Insurance Company of North America, 342 So.2d 591 (La. 1977); Tantillo v. Liberty Mutual Insurance Company, 315 So.2d 743 (La.1975). This decision of the trier of fact was grounded on a reasonable evidentiary basis, including an evaluation of the credibility of plaintiff’s complaints. We find no manifest error in that decision.
Plaintiff’s demands for penalties and attorney’s fees are based on the insurance company’s failure to resume benefits upon receiving Dr. Barr’s report. After the report was received, it was sent to Dr. Cline, who stated that Dr. Barr’s treatment was logical, but that he thought it was of dubious value in the long-term treatment of this patient. Dr. Cline repeated his belief that plaintiff’s complaints of pain were out of proportion to objective physical findings. The insurance company then refused to resume payments.
An insurer has the right to cease payment of benefits upon being notified by the treating physician that the employee is able to return to work. However, if an insurer subsequently receives medical information indisputably showing disability at a subsequent date, the insurer may not avoid penalties for arbitrary nonpayment by blindly relying on the earlier report. Walker v. Gaines P. Wilson & Son, Inc., 340 So.2d 985 (La.1976).
In the instant case, the insurer relayed Dr. Barr’s report to Dr. Cline. Dr. Cline’s reply clearly indicated that he was doubtful about the complaints and the benefit of further treatment. Dr. Barr’s report itself was not emphatic as to continued disability. These facts distinguish this case from the Walker case. There was a reasonable basis for the defendant’s refusal to resume payment of compensation benefits. We find no error in the refusal of the trial court to award penalties and attorney’s fees.
For the reasons assigned, the judgment of the district court is affirmed at appellants’ costs.
Affirmed.